UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE DAVID CHICA-HERNANDEZ,                          Case #:

                    Plaintiff,

          - against -                          **VERIFIED COMPLAINT**

ITALPRESSE U.S.A., INC. and
ITALPRESSE INDUSTRIE SpA,                        **PLAINTIFF DEMANDS**
                                  **A TRIAL BY JURY**
                 Defendants.
---------------------------------------------------------------X

      Plaintiff, complaining of the Defendants, by his attorneys, **DELL & DEAN, PLLC,** alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1.      At all times hereinafter mentioned, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was and still is a resident of the State of New York, residing at 33 B Jensen Road, Bay Shore, County of Suffolk, State of New York.

2.      Upon information and belief, Defendant **ITALPRESSE U.S.A., INC.,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Florida and doing business in New York.

3.      Upon information and belief, at all times herein mentioned, Defendant **ITALPRESSE U.S.A., INC.** is maintaining a principal place of business at 26520 Mallard Way, Punta Gorda, County of Charlotte, State of Florida.

4.      Upon information and belief, Defendant **ITALPRESSE INDUSTRIE SpA,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the Country of Italy and doing business in State of New York.

1

5.     Upon information and belief, at all times herein mentioned, Defendant **ITALPRESSE INDUSTRIE SpA** is maintaining a principal place of business at Via Trento 178, Capriano del Colle, BS 25020, Italy.

6.     That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

7.     Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS**.

8.     Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiff resides within that district, and that district is the most convenient for this action to be tried.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF JOSE DAVID CHICA-HERNANDEZ

9.     At all times hereinafter mentioned, Defendant **ITALPRESSE U.S.A., INC.** committed a tortuous act within the State of New York.

10.     At all times hereinafter mentioned, Defendant **ITALPRESSE INDUSTRIE SpA** committed a tortuous act within the State of New York.

11.     That Defendant **ITALPRESSE U.S.A., INC.** regularly does, or solicits, business in the State of New York.  Moreover, Defendant **ITALPRESSE U.S.A., INC.** regularly does, or solicits, business in the Eastern District, New York.

12.     That Defendant **ITALPRESSE INDUSTRIE SpA** regularly does, or solicits, business in the State of New York.  Moreover, Defendant **ITALPRESSE INDUSTRIE SpA**

2

regularly does, or solicits, business in the Eastern District, New York.

13. That at all times herein mentioned the Defendant **ITALPRESSE U.S.A., INC.** was in the business of selling, manufacturing and distributing a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) for the purpose of sale and use to the general public.

14. That at all times herein mentioned the Defendant **ITALPRESSE INDUSTRIE SpA** was in the business of selling, manufacturing and distributing a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) for the purpose of sale and use to the general public.

15. That the Defendant **ITALPRESSE U.S.A., INC.** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311).

16. That the Defendant **ITALPRESSE INDUSTRIE SpA** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311).

17. That at all times herein mentioned, on November 4, 2014, the Defendant, **ITALPRESSE U.S.A., INC.** manufactured, sold, distributed and delivered to various retailers the above mentioned product.

18. That at all times herein mentioned, on November 4, 2014, the Defendant, **ITALPRESSE INDUSTRIE SpA** manufactured, sold, distributed and delivered to various retailers.

3

19.     That on November 4, 2014, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** used said product of Defendants **ITALPRESSE U.S.A., INC. and ITALPRESSE INDUSTRIE SpA**, while in the course of his employment, in the manner intended and/or foreseeably intended, when the machine malfunction, caught the left hand and left arm of Plaintiff, due to a lack of safety guards to the product in question, and caused injury to the Plaintiff **JOSE DAVID CHICA-HERNANDEZ**, resulting in severe and catastrophic personal injuries to Plaintiff, specifically a flexor tendon laceration of left hand, open wound, digital nerve injury, a left hand traumatic amputation of the ring finger and small finger hand laceration.

20.     That the Defendant **ITALPRESSE U.S.A., INC.**  warranted said product was fit for the purpose for which it was intended.

21.     That the Defendant **ITALPRESSE INDUSTRIE SpA** warranted said product was fit for the purpose for which it was intended.

22.     That the Defendant **ITALPRESSE U.S.A., INC.** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

23.     That the Defendant **ITALPRESSE INDUSTRIE SpA** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

24.     That the Defendant **ITALPRESSE U.S.A., INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

25.     That the Defendant **ITALPRESSE INDUSTRIE SpA** impliedly warranted that the said product was of merchantable quality and was safe for use.

4

26.     That the  Defendant **ITALPRESSE U.S.A., INC.** designed, created, manufactured, tested, inspected, produced, marketed, imported, distributed and sold a certain 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which caused Plaintiff, **JOSE DAVID CHICA-HERNANDEZ,** to suffer severe and permanent personal injuries specifically a flexor tendon laceration of left hand, open wound, digital nerve injury, a left hand traumatic amputation of the ring finger and small finger hand laceration.

27.     That the      Defendant **ITALPRESSE INDUSTRIE SpA** designed, created, manufactured, tested, inspected, produced, marketed, imported, distributed and sold a certain 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which caused Plaintiff, **JOSE DAVID CHICA-HERNANDEZ,** to suffer severe and permanent personal injuries specifically  a flexor tendon laceration of left hand, open wound, digital nerve injury, a left hand traumatic amputation of the ring finger and small finger hand laceration.

28.     That relying upon said warranties, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** proceeded to use the said product in accordance with its intended use.

29.     That the Plaintiff **JOSE DAVID CHICA-HERNANDEZ** while using the product in accordance with its intended use was caused to suffer and sustain severe bodily injuries.

30.     That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **JOSE DAVID CHICA-HERNANDEZ** contributing thereto.

31.     That the aforesaid accident was caused solely and wholly by reason that Defendant **ITALPRESSE U.S.A., INC.** breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

32.     That the aforesaid accident was caused solely and wholly by reason that Defendant

5

**ITALPRESSE INDUSTRIE SpA** breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

33.     That the carelessness and recklessness of the Defendant **ITALPRESSE U.S.A., INC.** in the design, creation, manufacture, testing, inspection, production, sales, distribution and selling of the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311); in creating a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing and distributing a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311); in failing to warn of its proper use; in failing to properly test and inspect the product during the manufacturing process; in negligently and carelessly warranting, representing and advertising that the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) was safe and free from danger when used in the customary and usual manner; in failing to give proper warnings and cautions; in failing to manufacture and placing into the stream of commerce a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which was not properly designed and manufactured; in failing to comply with the applicable laws, rules and regulations; and Defendant, **ITALPRESSE U.S.A., INC.**, was otherwise negligent in the operation, supervision and maintenance of said product.

34. That the carelessness and recklessness of the Defendant **ITALPRESSE INDUSTRIE SpA** in the design, creation, manufacture, testing, inspection, production, sales, distribution and selling of the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311); in creating a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing and distributing a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311); in failing to warn of its proper use; in failing to properly test and inspect the product during the manufacturing process; in negligently and carelessly warranting, representing and advertising that 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) was safe and free from danger when used in the customary and usual manner; in failing to give proper warnings and cautions; in failing to manufacture and placing into the stream of commerce a 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), which was not properly designed and manufactured; in failing to comply with the applicable laws, rules and regulations; and Defendant, **ITALPRESSE INDUSTRIE SpA**, was otherwise negligent in the operation, supervision and maintenance of said product.

35. That upon information and belief, 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) in question was defective in that, among other things, it

was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; and it caused severe injuries while being used and the products were otherwise defective.

36.     That Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was caused to sustain bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **ITALPRESSE U.S.A., INC.,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) for use by businesses and the general public; and in otherwise being careless and negligent

37.     That Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was caused to sustain bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **ITALPRESSE INDUSTRIE SpA,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) for use by businesses and the general public; and in otherwise being careless and negligent

38.     Defendant **ITALPRESSE U.S.A., INC.'S** conduct was negligent, careless and reckless and beyond all standards of common decency so as to permit the recovery of punitive damages.

39.     Defendant **ITALPRESSE INDUSTRIE SpA'S** conduct was negligent, careless and

reckless and beyond all standards of common decency so as to permit the recovery of punitive damages.

40.     That by reason of the foregoing, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

41.     That by reason of the foregoing, the Defendants **ITALPRESSE U.S.A., INC.**, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

42.     That by reason of the foregoing, the Defendants **ITALPRESSE INDUSTRIE SpA**, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

43.     That by reason of the foregoing Defendant **ITALPRESSE U.S.A., INC.** is liable to the Plaintiff **JOSE DAVID CHICA-HERNANDEZ** under the doctrine of Strict Products Liability.

44.     That by reason of the foregoing Defendant **ITALPRESSE INDUSTRIE SpA** is liable to the Plaintiff **JOSE DAVID CHICA-HERNANDEZ** under the doctrine of Strict Products Liability.

45.     That Plaintiff **JOSE DAVID CHICA-HERNANDEZ'S** strict product liability claims arise from violations of federal laws and regulations.

46.     That as a result of the foregoing, Plaintiff **JOSE DAVID CHICA-HERNANDEZ**

was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF JOSE DAVID CHICA-HERNANDEZ

47.     Plaintiff **JOSE DAVID CHICA-HERNANDEZ**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

48.     That at all times hereinafter mentioned, the Defendant **ITALPRESSE U.S.A., INC.** designed, manufactured and distributed the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) in question, knowing and intending for it to be used by the public.

49.     That at all times hereinafter mentioned, the Defendant **ITALPRESSE INDUSTRIE SpA** designed, manufactured and distributed the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) in question, knowing and intending for it to be used by the public.

50.     That on November 4, 2014, the Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was making use of the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), in a manner which the Defendant **ITALPRESSE U.S.A., INC.**  knew and intended to be used and/or in a manner foreseeable by the Defendant.

51.     That on November 4, 2014, the Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was making use of the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), in a manner which the Defendant **ITALPRESSE INDUSTRIE SpA**

knew and intended to be used and/or in a manner foreseeable by the Defendant.

52.     That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff **JOSE DAVID CHICA-HERNANDEZ**.

53.     That on November 4, 2014, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** used the product for the purpose and use normally intended.

54.     That on November 4, 2014, while Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was using the said product, which was without any warnings  malfunctioned causing Plaintiff to suffer severe bodily injuries.

55.     That upon information and belief, 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

56.     That on November 4, 2014, while Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **ITALPRESSE U.S.A., INC.,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by the general public; and in otherwise being careless and negligent.

57.     That on November 4, 2014, while Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due

wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **ITALPRESSE INDUSTRIE SpA,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by the general public; and in otherwise being careless and negligent.

58.     That by reason of the foregoing, the Defendant **ITALPRESSE U.S.A., INC.,** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

59.     That by reason of the foregoing, the Defendant **ITALPRESSE INDUSTRIE SpA,** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

60.     That by reason of the foregoing Defendants are liable to the Plaintiff **JOSE DAVID CHICA-HERNANDEZ**  under the doctrine of Strict Products Liability and pursuant to Section 402A -Restatement of Torts Second.

61.     That by reason of the foregoing, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF JOSE DAVID CHICA-HERNANDEZ

62.     Plaintiff **JOSE DAVID CHICA-HERNANDEZ** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

63.     That Defendant **ITALPRESSE U.S.A., INC.,** their agents, servants, and/or

12

employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

64.     That Defendant **ITALPRESSE INDUSTRIE SpA**, their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

65.     That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), the Defendant **ITALPRESSE U.S.A., INC.,** their agents, servants and/or employees knew that the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) would be used and the users of said product would rely upon the expressed and implied warranties and representations that the said product was safe, proper, merchantable and fit for its intended uses and was free from any defects.

66.     That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311), the Defendant **ITALPRESSE INDUSTRIE SpA**, their agents, servants and/or employees knew that the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) would be used and the users of said product would rely upon the expressed and implied warranties and representations that the said product was safe, proper, merchantable and fit for its intended uses and was free from any defects.

67.     That by reason of the foregoing, the Defendant **ITALPRESSE U.S.A., INC.**, violated and breached the aforementioned express and implied warranties and that the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

68.     That by reason of the foregoing, the Defendant **ITALPRESSE INDUSTRIE SpA**, violated and breached the aforementioned express and implied warranties and that the 2011 ITALPRESSE MARK/C 16-32/10 Automatic Pressing Line (Serial Number 176090311) was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

69.     That Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **ITALPRESSE U.S.A., INC.**,

their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

70.     That Plaintiff **JOSE DAVID CHICA-HERNANDEZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **ITALPRESSE INDUSTRIE SpA**, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

71.     That by reason of the foregoing, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** has been damaged in  a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **JOSE DAVID CHICA-HERNANDEZ** demands judgment against the Defendants **ITALPRESSE U.S.A., INC. and ITALPRESSE INDUSTRIE SpA** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:            Garden City, New York
                 11-3-17

                                          Yours, etc.

                                          JOSEPH G. DELL (JD 7315)
                                          DELL & DEAN, PLLC
                                          Attorneys for Plaintiff
                                          JOSE DAVID CHICA-HERNANDEZ
                                          1225 Franklin Avenue, Suite 450

Garden City, New York 11530
(516) 880-9700
File No.: 02114

16

## VERIFICATION

STATE OF NEW YORK      )
                                ) ss.:
COUNTY OF NASSAU      )

       Jose David Chica-Hernandez being duly sworn, says:

       I am the Plaintiff above named.

       I have read the foregoing _____COMPLAINT_____ and know its contents; the same is true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                             _____

Sworn hereto before me this
___ day of _November_, 20 __

_____
       Notary Public

**Ashley B. Jourdan**
**Notary Public, State of New York**
**No. 01JO6347016**
**Qualified in Nassau County**
**Commission Expires 8/29/2020**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE DAVID CHICA-HERNANDEZ,                         Case #:
        Plaintiff,

- against –

ITALPRESSE U.S.A., INC. and
ITALPRESSE INDUSTRIE SpA,

        Defendants.
-----------------------------------------------------------------X

## SUMMONS & VERIFIED COMPLAINT

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
1225 Franklin Avenue, Suite 450
Garden City, NY 11530
Telephone: (516) 880-9700
Facsimile: (516) 880-9707